GRABER, Circuit Judge,
dissenting:
I respectfully dissent. Although we review the district court’s decision de novo, Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir.2001), we must affirm the Commissioner’s decision if it is supported by substantial evidence, Reddick v. Chater, 157 F.3d 715, 720 (9th Cir.1998). In my view, under our deferential standard of review, we must affirm.
The administrative law judge (“ALJ”) gave specific, clear, and convincing reasons, supported by substantial evidence, to discredit Claimant’s testimony about the extent of her claimed disability beginning March 4, 2004. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir.2002) (stating standard). I would hold that these reasons sufficed and were supported by substantial evidence.
For example, the ALJ pointed out that the medical records reflected no sustained symptoms or clinical pathology consistent with Claimant’s allegations of severe back and leg pain and neurological deficits. The records of Dr. Rose (2004 and 2005), Dr. Yusufaly (2004), and Dr. Gerson (2004) support this reason.
The ALJ noted that Claimant admittedly gets along well with others and that her depression and anxiety are treatable and manageable. Again, the medical records support this reason (for example, Dr. Smith in 2004).
The ALJ permissibly relied on the fact that Claimant’s daily activities exceeded her reported extent of disability. Claimant reported to two psychiatrists that she could dress and bathe independently, spend time at her computer, get herself to appointments, manage money (e.g., pay her bills), drive herself around, socialize with friends and family, perform household chores, shop, and cook. Claimant also was swimming at the time of the alleged onset date; her report to Dr. Melendez of more frequent swimming after the gastric bypass surgery, coupled with her report of swimming a year before the alleged onset date, permitted the ALJ to infer that Claimant was swimming between those dates.
Finally, the ALJ properly noted that several doctors found that Claimant was able to perform light work. These doctors included Dr. Rose, Dr. Gerson, Dr. Smith, Dr. Schrift, and Dr. Manolakas.
The ALJ’s additional reliance on significant improvements after the gastric bypass surgery does not detract from the several other significant bases for his credibility finding.
As we are not at liberty to substitute our judgment for the Commissioner’s in the face of substantial evidence, I dissent.